1   **WO**                                                                    SC

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9   Aubrey Gayle Padgett,                    )   No. CV 08-0617-PHX-MHM (MEA)
                                             )
10              Plaintiff,                    )   **ORDER**
                                             )
11   vs.                                      )
                                             )
12   Arizona Dep't of Corrections, et al.,    )
                                             )
13              Defendants.                   )
    _____)

14

15        Plaintiff Aubrey Gayle Padgett, who is confined in the Arizona State Prison Complex,

16   North Unit, in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42

17   U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  The Court will order

18   Defendants Walker, Kirkland, and Krumpelman to answer Count I of the Complaint and will

19   dismiss the remaining claims and Defendants without prejudice.

20   **I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

21        Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

22   § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

23   The Court will assess an initial partial filing fee of $1.61.  The remainder of the fee will be

24   collected monthly in payments of 20% of the previous month's income each time the amount

25   in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate

26   Order requiring the appropriate government agency to collect and forward the fees according

27   to the statutory formula.

28   /      /      /

1   **II.     Statutory Screening of Prisoner Complaints**

2         The Court is required to screen complaints brought by prisoners seeking relief against

3   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

4   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

5   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

6   be granted, or that seek monetary relief from a defendant who is immune from such relief.

7   28 U.S.C. § 1915A(b)(1), (2).

8   **III.    Complaint**

9         Plaintiff alleges three counts regarding threats to his safety and conditions of

10  confinement.  He sues the Arizona Department of Corrections (ADC), ADC Director Dora

11  Schriro, Deputy Warden Freeland, Sergeants Walker and Kirkland, and Officer Krumpelman.

12  Plaintiff seeks compensatory, punitive, and injunctive relief.

13  **IV.    Failure to State a Claim**

14        To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

15  conduct about which he complains was committed by a person acting under the color of state

16  law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.

17  Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he

18  suffered a specific injury as a result of the conduct of a particular defendant and he must

19  allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v.

20  Goode, 423 U.S. 362, 371-72, 377 (1976).

21        **A.     ADC**

22        ADC is not a proper Defendant.  Under the Eleventh Amendment to the Constitution

23  of the United States, a state or state agency may not be sued in federal court without its

24  consent.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v.

25  List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Furthermore, "a state is not a 'person' for

26  purposes of section 1983.  Likewise 'arms of the State' such as the Arizona Department of

27  Corrections are not 'persons' under section 1983."  Gilbreath v. Cutter Biological, Inc., 931

28  F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).  Accordingly, ADC will be dismissed.

1   **B.   Schriro and Freeland**

2   Plaintiff names ADC Director and Deputy Warden Freeland as Defendants.   A

3   defendant is liable only if he or she "play[ed] an affirmative part in the alleged deprivation

4   of constitutional rights." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).  In a defendant's

5   individual capacity, this means that a plaintiff "must allege facts, not simply conclusions, that

6   show that an individual was personally involved in the deprivation of his civil rights."

7   Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).   In a defendant's official

8   capacity, this means that a plaintiff must set forth facts to support that a defendant either

9   created or acted pursuant to an official policy or custom that caused the plaintiff's

10  constitutional injury. See Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004) (quoting Monell

11  v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).  Further, there is no *respondeat superior*

12  liability under § 1983, so a defendant's position as the supervisor of a person who allegedly

13  violated a plaintiff's constitutional rights does not impose liability on the supervisor.  See

14  Monell, 436 U.S. at 694; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A supervisor

15  is only liable for constitutional violations of his subordinates if the supervisor participated

16  in or directed the violations, or knew of the violations and failed to act to prevent them."

17  Taylor, 880 F.2d at 1045.

18  In Counts II and III, Plaintiff appears to predicate liability under § 1983 against

19  Schriro and Freeland based solely on their supervisory positions. (Doc.# 1 at 4A.)  He only

20  alleges that they had knowledge of conditions he asserts are unconstitutional; he fails to set

21  forth facts to support that conclusory assertion.  That is, Plaintiff has not alleged facts to

22  support that his constitutional rights were violated pursuant to a policy, custom, or practice

23  enacted or enforced by Schriro or Freeland, nor has he alleged facts to support that either

24  directly violated his civil rights or that either was aware of any violation of Plaintiff's rights

25  but failed to act.  For these reasons, Plaintiff fails to state a claim against these Defendants.

26  **C.   Counts II and III**

27  In Counts II and III, Plaintiff alleges that his conditions of confinement are

28  unconstitutional. A convicted inmate's claims for unconstitutional conditions arises from the

1   Eighth Amendment prohibition against cruel and unusual punishment. <u>Bell v. Wolfish</u>, 441

2   U.S. 520 (1979).  To state a claim for unconstitutional conditions, a plaintiff must allege an

3   objectively "sufficiently serious" deprivation that results in the denial of "the minimal

4   civilized measure of life's necessities." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Allen</u>

5   <u>v. Sakai</u>, 48 F.3d 1082, 1087 (9th Cir. 1994); <u>see</u> <u>Estate of Ford v. Ramirez-Palmer</u>, 301 F.3d

6   1043, 1049-50 (9th Cir. 2002).  That is, a plaintiff must allege facts supporting that he is

7   incarcerated under conditions posing a substantial risk of harm.  <u>Farmer</u>, 511 U.S. at 834.

8   Whether a condition of confinement rises to the level of a constitutional violation may

9   depend, in part, on the duration of an inmate's exposure to that condition.  <u>Keenan v. Hall</u>,

10  83 F.3d 1083, 1089 (9th Cir. 1996) (citing <u>Hutto v. Finney</u>, 437 U.S. 678, 686-87 (1978)).

11  In addition to alleging facts to support that he is confined in conditions posing a substantial

12  risk of harm, a plaintiff must also allege facts to support that a defendant had a "sufficiently

13  culpable state of mind," i.e., that the official acted with deliberate indifference to inmate

14  health or safety.  <u>See</u> <u>Farmer</u>, 511 U.S. 837.  In defining "deliberate indifference" in the jail

15  context, the Supreme Court has imposed a subjective test: "the official must both be aware

16  of the facts from which the inference could be drawn that a substantial risk of serious harm

17  exists, <u>and</u> he must also draw the inference."  <u>Id.</u>  A plaintiff must also allege how he was

18  injured by the alleged unconstitutional conditions.  <u>See, e.g.</u>, Lewis v. Casey, 518 U.S. 343,

19  349 (1996) (doctrine of standing requires that claimant have suffered or will imminently

20  suffer actual harm); <u>Caswell v. Calderon</u>, 363 F.3d 832, 836 (9th Cir. 2004) (case-or-

21  controversy requirement means that plaintiff must have an actual or threatened injury

22  traceable to the defendant and likely to be redressed by a favorable judicial decision).

23      In Count II, Plaintiff alleges that his confinement to a tent for six months is

24  unconstitutional because there is sometimes insufficient heat, no running water, the tents are

25  dirty, pigeons and vermin can enter the tents, and he has to walk 30 yards to obtain meals or

26  use a bathroom.  Even if true, most of these circumstances, absent additional facts, do not rise

27  to the level of a constitutional violation.  Plaintiff does not allege facts to support that the

28  duration or severity of cold temperatures pose a substantial risk of serious harm.  Similarly,

1   having to walk 30 yards to access showers and toilet facilities or to obtain meals does not

2   pose a substantial risk of significant harm.  With respect to meals, "[t]he Eighth Amendment

3   requires only that prisoners receive food that is adequate to maintain health; it need not be

4   tasty or aesthetically pleasing."  LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993); see

5   Frost, 152 F.3d at 1128 (applying Eighth Amendment standard to a pretrial detainee's

6   Fourteenth Amendment claims regarding his conditions of confinement).  "'The fact that the

7   food occasionally contains foreign objects or sometimes is served cold, while unpleasant,

8   does not amount to a constitutional deprivation.'"  LeMaire, 12 F.3d at 1456 (citations

9   omitted).  Finally, while Plaintiff alleges that pigeons and vermin can enter the tents, he does

10  not allege facts to support that either Schriro or Freeland have acted with deliberate

11  indifference to that circumstance.  Plaintiff therefore fails to state a claim in Count II.

12      In Count III, Plaintiff alleges that Schriro and Freeland have failed to take steps to

13  prevent or eliminate pigeon droppings that cover the tents where he is housed and where he

14  eats and that pigeons carry more than 60 diseases.  He alleges the pigeons eat food left on

15  trays after meals and that pigeon droppings get on trays and cups used for meals.  Plaintiff

16  does not allege that trays and cups soiled by pigeons are reused or, if they are reused, that

17  they are not adequately sanitized.  Further, although Plaintiff asserts that Schriro and

18  Freeland are aware of the pigeon situation, he fails to allege any facts to support that they

19  have acted with deliberate indifference to the situation.  For these reasons, Plaintiff fails to

20  state a claim in Count III.

21  **V.    Claims for Which an Answer Will be Required**

22      In Count I, Plaintiff alleges that Defendants Walker, Kirkland, and Krumpelman

23  verbally abused him.  When he told them that he intended to grieve their conduct, they

24  retaliated against him by telling "head" inmates on the yard that Plaintiff was going to file

25  a grievance, which resulted in those inmates then threatening to physically assault and injury

26  Plaintiff if he filed a grievance.  Plaintiff sufficiently alleges facts to support that Defendants

27  Walker, Kirkland, and Krumpelman retaliated against him for attempting to seek redress of

28  grievances.  These Defendants will be required to respond to Count I.

**VI.    Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc.# 3.)

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $1.61.

(3)    Counts II and III and Defendants Arizona Department of Corrections, Schriro, and Freeland are **dismissed** without prejudice.

(4)     Defendants Walker, Kirkland, and Krumpelman must answer Count I.

(5)     The Clerk of Court must send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendants Walker, Kirkland, and Krumpelman.  (Doc.# 1.)

(6)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8)     The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons.  If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)  personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)  within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of

TERMPSREF

- 7 -

the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)    **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)    Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)    Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13)    This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 8th day of May, 2008.

Mary H. Murguia
United States District Judge