IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **AUBREY GAYLE PADGETT,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) CIV 08-00617 PHX MHM MEA<br>) |
| **ARIZONA DEPARTMENT OF CORRECTIONS, DEPUTY WARDEN FREELAND, DORA SCHRIRO, SGT. WALKER, OFFICER KIRKLAND, CO KRUMPELMAN,** | ) REPORT AND RECOMMENDATION<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

**TO THE HONORABLE MARY H. MURGUIA:**

This matter is before the Magistrate Judge on referral from the District Judge, and the determination of the Magistrate Judge is dispositive of some of Plaintiff's claims. Accordingly, the following proposed findings of fact, report, and recommendation are made pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. § 28(b)(1)(B) and (C). Before the Court is Plaintiff's amended complaint at Docket No. 6. On August 15, 2008, the undersigned granted Defendants' motion to screen the proposed amended complaint prior to requiring Defendants to file an answer to the complaint.

**I Procedural background**

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 on March 31, 2008, alleging Defendants were liable to him

for violation of his constitutional rights while incarcerated. Plaintiff's complaint seeks compensatory, punitive and injunctive relief. Plaintiff alleged he was retaliated against and threatened by corrections officers for exercising his right to grieve the conditions of his confinement and for stating he intended to exercise this right. Plaintiff further alleged that Director Schriro and Warden Freeland subjected Plaintiff to unconstitutional conditions of confinement because he has been confined to a "tent" facility where he is subjected to extremes of heat and cold and exposed to vermin. (Count II). Plaintiff also alleged the unit's dining facilities were unsanitary and posed a threat to inmate health (Count III).

On May 9, 2008, the Court dismissed Count II and Count III of Plaintiff's complaint, filed March 31, 2008, alleging improper living conditions while confined. The Court concluded Plaintiff's allegations regarding the living quarters and food facilities at the North Unit of the Florence prison did not rise to the level of a constitutional violation, i.e., that the risks posed to his health as described by Plaintiff were not "sufficiently serious" to satisfy the standard for violation of the Eighth Amendment. The Court also concluded Plaintiff had not adequately stated a claim against Director Schriro or Deputy Warden Freeland for an Eighth Amendment violation.

Accordingly, at that time the Court dismissed the Arizona Department of Corrections, Dora Schriro, and Deputy Warden Freeland as defendants in this matter. The Court ordered that Defendants Walker, Kirkland, and Krumpelman answer the count of the complaint asserting these defendants retaliated

against Plaintiff for asking to file a grievance. Service was returned executed on Defendant Kirkland and on Defendant Krumpelman. Service was returned unexecuted with regard to Defendant Walker.

Plaintiff filed an amended complaint on May 27, 2008. The amended complaint names as defendants Defendants Walker, Kirkland and Krumpelman, and also names as defendants ADOC Director Dora Schriro, Deputy Warden Freeland, CO Quintaro, CO Noble, CO Chamberland, and "Mrs. Blakeman."

**Analysis**

**Standard for granting a motion to amend**

Rule 15(a), Federal Rules of Civil Procedure, provides that a plaintiff should be given leave to amend his complaint when justice so requires. See, e.g., United States v. Hougham, 364 U.S. 310, 316, 81 S. Ct. 13, 17 (1960); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). "Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality. This policy is applied even more liberally to *pro se* litigants." Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations and quotations omitted).

When screening pro se prisoner complaints the Court is obliged to liberally construe the complaint:

> The handwritten pro se document is to be liberally construed.... [A] pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

-3-

Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972)).  Leave to amend a complaint should be granted if it appears at all possible that the plaintiff can correct a defect in his complaint.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

However, in exercising its discretion with regard to a motion to amend a complaint filed after a responsive pleading, the Court should consider the prejudice to the opposing party and the futility of allowing the amendment.  See Schlachter-Jones v. General Tel., 936 F.2d 435, 443-44 (9th Cir. 1991). "[T]he policy of allowing the amendments of pleadings must be tempered with considerations of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id., 936 F.2d at 443 (internal quotations omitted).  The Court would eventually have to dismiss a claim added to a complaint if the plaintiff raised a claim that was legally frivolous or malicious, that failed to state a claim upon which relief may be granted, or that sought monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(c)(1) (2003 & Supp. 2008).

**Count I of the amended complaint re-states Plaintiff's retaliation claim**

Count I of the amended complaint alleges Plaintiff was subjected to deliberate indifference when he "attempted to use the formal grievance process against 3 officers here ...

-4-

pertaining to the conditions of my confinement." Docket No. 6 at 3. Plaintiff asserts the officers "in question regarding this count and counts III and II are: Sgt. Walker, Sgt. Kirkland and officer Krumpelman." Id. Plaintiff alleges he was told that if he grieved these officers' alleged misconduct he "could expect to recieve firm and harsh retalitory punishment... (sic)" Id. Plaintiff contends his Eighth and Fourteenth Amendment rights were violated because there is a "threat to safety," i.e., he is fearful and in terror for his personal and emotional well-being. Id. Plaintiff alleges that the original basis for his intended grievance was his desire to be present during a search of his cell. Id. at 3a.[1]

---

[1] To the extent Plaintiff seeks to extend this claim, i.e., to allege that he feared for his safety because Defendants retaliated against him, he has not stated an additional claim for relief in addition to retaliation. To the extent Plaintiff might seek to allege that he was denied his right to access the grievance system, Plaintiff has no such right. The United States Supreme Court has held that, to assert the violation of a purportedly constitutional right, an individual must have "a legitimate claim of entitlement" to that "right." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (concluding that prison inmates' due process rights were not violated in parole proceeding because inmates had no constitutional right to parole). Prison inmates do not have a constitutional entitlement to any prison grievance procedure and, therefore, Plaintiff has not been deprived of his constitutional right to due process by any alleged interference with his access to the prison's grievance system. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1995) (holding that prison grievance procedures are procedural rights that do not give rise to a protected liberty interest requiring the procedural protections of the Due Process clause); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Abreu v. Ramirez, 284 F. Supp. 2d 1250, 1258-59 (C.D. Cal. 2003) (concluding, in the context of a claim that the prisoner's First Amendment right to court access was violated, "Plaintiff's allegations that prison officials refused to answer his grievances are not enough, by themselves, to sustain a claim of denial of access to the courts. Plaintiff has not alleged any actual injury suffered as a result of any failures to respond.").
      Neither does Plaintiff have a separate Fourteenth Amendment claim in this regard. To the extent that Plaintiff has alleged that Defendants' threatening or retaliatory actions violated Plaintiff's

**The substance of Plaintiff's Eighth Amendment conditions of confinement claims**

To state a claim that he has been subjected to unconstitutional conditions of confinement, a plaintiff must allege an objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994); Lopez v. Smith, 203 F.3d 1122, 1133 (9th Cir. 2000); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994).

> An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and one subjective. Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference.

Allen, 48 F.3d at 1083-84 (internal citations and quotations omitted). See also Wilson v. Seiter, 501 U.S. 294, 304, 111 S. Ct. 2321, 2327 (1991) (holding that a plaintiff satisfies the

---

right to due process, the Court concludes that Plaintiff's claim is not properly analyzed as a due process claim because it is an Eighth Amendment claim. See Redman v. County of San Diego, 942 F.2d 1435, 1441 (9th Cir. 1991); Robinson v. Pickett, 16 Fed. App. 577, 579 (9th Cir. 2001) ("[a] civil rights claim that the Officers infringed on his right to be free from cruel and unusual punishment was properly analyzed under the Eighth Amendment. If a claim implicates a specific constitutional right, then the claim should be analyzed under the standard that governs that right, and not under the Due Process Clause of the Fourteenth Amendment."). Prison inmates are protected against unjustified force by the "cruel and unusual punishment" clause of the Eighth Amendment and gain no greater protection from the Fourteenth Amendment. See Whitley v. Albers, 475 U.S. 312, 327, 106 S. Ct. 1078, 1088 (1986); Anderson v. County of Kern, 45 F.3d 1310, 1312 & n.1 (9th Cir. 1995).

objective element of the analysis by establishing the deprivation of a basic human need); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002).

To succeed on such a claim the plaintiff must allege facts supporting the conclusion that the conditions of his incarceration pose a substantial risk of harm to the plaintiff. See Farmer, 511 U.S. at 834, 114 S. Ct. at 1977. Whether a condition of confinement rises to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to that condition. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996), citing Hutto v. Finney, 437 U.S. 678, 686-87, 98 S. Ct. 2565, 2571 (1978). However, a plaintiff may not prevail on an Eighth Amendment conditions of confinement claim by asserting that the totality of the conditions he experiences constitute cruel and unusual punishment. See, e.g., Hoptowit v. Ray, 682 F.2d 1237, 1246-47 (9th Cir. 1982). Additionally, a plaintiff must also allege how he was actually injured by the alleged unconstitutional conditions. See, e.g., Lewis v. Casey, 518 U.S. 343, 349, 116 S. Ct. 2174, 2179 (1996) (holding the doctrine of standing requires that the plaintiff have suffered or will imminently suffer actual harm).

To succeed on an Eighth Amendment claim, the plaintiff must allege not only that he is confined in conditions posing a substantial risk of harm, he must also allege the defendant had a "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference to inmate health or safety. See Farmer, 511 U.S. at 837, 114 S. Ct. at 1979. In defining "deliberate indifference" in the jail context, the Supreme Court

has imposed a subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

In previously rejecting Plaintiff's allegations regarding the conditions of his confinement, the Court concluded:

> In Count II, Plaintiff alleges that his confinement to a tent for six months is unconstitutional because there is sometimes insufficient heat, no running water, the tents are dirty, pigeons and vermin can enter the tents, and he has to walk 30 yards to obtain meals or use a bathroom. Even if true, most of these circumstances, absent additional facts, do not rise to the level of a constitutional violation. Plaintiff does not allege facts to support that the duration or severity of cold temperatures pose a substantial risk of serious harm.

With regard to Plaintiff's allegations regarding unsanitary eating facilities, the Court also stated:

> With respect to meals, "[t]he Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993); see Frost, 152 F.3d at 1128 (applying Eighth Amendment standard to a pretrial detainee's Fourteenth Amendment claims regarding his conditions of confinement). "'The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.'" LeMaire, 12 F.3d at 1456 (citations omitted). Finally, while Plaintiff alleges that pigeons and vermin can enter the tents, he does not allege facts to support that either Schriro or Freeland have acted with deliberate indifference to that circumstance.
>
> In Count III, Plaintiff alleges that Schriro and Freeland have failed to take steps to

-8-

>prevent or eliminate pigeon droppings that cover the tents where he is housed and where he eats and that pigeons carry more than 60 diseases. He alleges the pigeons eat food left on trays after meals and that pigeon droppings get on trays and cups used for meals. Plaintiff does not allege that trays and cups soiled by pigeons are reused or, if they are reused, that they are not adequately sanitized. Further, although Plaintiff asserts that Schriro and Freeland are aware of the pigeon situation, he fails to allege any facts to support that they have acted with deliberate indifference to the situation. For these reasons, Plaintiff fails to state a claim in Count III.

Count II of the proposed amended complaint alleges Plaintiff has been subjected to cruel and unusual punishment and that Warden Freeland and Director Schriro "knowingly and intelligently allow and facilitate the continued forms of extreme abuse and ... neglect upon myself and other inmates." Docket No. 6 at 4. Plaintiff alleges the conditions of his confinement are cruel and unusual because he is forced to live in a tent which is not insulated from the heat and cold. Id. at 4a. Plaintiff further alleges that he is "unable to grieve these horrible conditions of confinement due to officer sanctioned and orchestrated assaults or beatings..." Id. at 4b. Plaintiff further contends that his living quarters are infested with vermin, that he is forced to urinate into a plastic bottle, and that the communal bathroom facilities are a "bio-hazard." Id. at 4c. Plaintiff has not alleged facts which would establish conditions so unhealthy as to violate his constitutional rights. Compare Keenan, 83 F.3d at 1090.

Count III of the amended complaint alleges Plaintiff's safety was threatened, in violation of his Eighth and Fourteenth

-9-

Amendment rights, because the dining facility at the North Unit of the Florence prison complex creates a risk to their health. Docket No. 6 at 5. Plaintiff contends the facility is not in compliance with state law regarding food handling and sanitation. Id. Plaintiff alleges Director Schriro and Warden Freeland "hav[e] failed to provide any measure of personal physical safety and personal health safety from a large flock of uncontrolled pidgeons and their natural instinctive behaviors." Id. at 5a. Plaintiff alleges that the constant presence of pigeons where the inmates receive their meals and proceed to their tents is a risk to inmate safety and that inmates are routinely struck by pigeons or defecated on by pigeons as they stand in line to receive their food and food receipts. Id. at 5b-5c.

> The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing. Cunningham v. Jones, 567 F.2d 653, 659-60 (6th Cir. 1977). "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985), cert. denied, 475 U.S. 1096, 106 S. Ct. 1492, 89 L.Ed.2d 894 (1986).

LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).

> [E]xtreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society," "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.

Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 1000 (1992),

-10-

quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981).

With regard to the meal facilities at the North Unit, Plaintiff has not stated conditions so offensive that his constitutional rights are violated. Additionally, although Plaintiff alleges that the living conditions and dining facilities at the North Unit violate his Eighth Amendment rights and his right to substantive due process, in the counts of the amended complaint which make these allegations Plaintiff does not mention which Defendants were responsible for these conditions--in these sections of his amended complaint Plaintiff does not refer to CO Quintaro, CO Noble, CO Chamberland, or Mrs. Blakeman. The only named defendants mentioned in the amended complaint as personally causing harm to Plaintiff are Defendants Walker, Kirkland, and Krumpelman, who Plaintiff alleges denied him access to the prison grievance process and otherwise intimidated and were hostile to Plaintiff. Plaintiff does allege that Director Schriro and Warden Freeland knew of and allowed the "continued forms of extreme abuse and premeditated prejudiced neglect upon myself." Docket No. 6 at 4.[2]

Although the conditions described by Plaintiff would ordinarily be objectively described as disgusting if encountered by a paying member of the public at a restaurant, Plaintiff does not describe facts which satisfy the objectively sufficiently serious risk to Plaintiff's health necessary to allege an Eighth

---

[2] In his prayer for relief Plaintiff seeks declaratory and injunctive relief, actual and punitive damages, in the amount of $250,000,000, and the "removal of the Florence-North Unit (a tent facility) and to have the tent facility replaced with permanent structures. See Docket No. 6 at 6.

-11-

Amendment violation. Plaintiff does not allege that he has actually been physically harmed by the presence of the pigeons or the other conditions of his confinement, but rather that he could be harmed, i.e., he is exposed to disease-carrying animals, which are not extraordinary conditions of confinement.

**Plaintiff alleges Director Schriro and Deputy Warden Freeland are responsible for the allegedly unconstitutional conditions of confinement**

There is no respondeat superior liability pursuant to section 1983. To state a claim against a government official, the civil rights plaintiff must allege how the official individually personally participated in the constitutional deprivation or that a governmental supervisory official was aware of the widespread abuses and acted with deliberate indifference to the plaintiff's constitutional rights or failed to take action to prevent further misconduct. See Rizzo v. Goode, 423 U.S. 362, 377, 96 S. Ct. 598, 607 (1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

A defendant is liable pursuant to section 1983 only if he or she had an *affirmative* role in the alleged deprivation of the plaintiff's constitutional rights. See King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). If the defendant is sued in his individual capacity, the plaintiff "must allege facts, not simply conclusions, that show that an individual was

personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). When a defendant is sued in her official capacity, the plaintiff must set forth facts to support that the defendant either created the harm or acted pursuant to an official policy or custom that caused the plaintiff's constitutional injury. See Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004), citing Monell v. Department of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978).

In previously dismissing these claims and Defendants Schriro and Freeland, the Court stated:

> In Counts II and III, Plaintiff appears to predicate liability under § 1983 against Schriro and Freeland based solely on their supervisory positions. (Doc.# 1 at 4A.) He only alleges that they had knowledge of conditions he asserts are unconstitutional; he fails to set forth facts to support that conclusory assertion. That is, Plaintiff has not alleged facts to support that his constitutional rights were violated pursuant to a policy, custom, or practice enacted or enforced by Schriro or Freeland, nor has he alleged facts to support that either directly violated his civil rights or that either was aware of any violation of Plaintiff's rights but failed to act. For these reasons, Plaintiff fails to state a claim against these Defendants.

The undersigned concludes that, for the same reasons stated in the Court's original screening order, Plaintiff has again failed to state a claim for relief against Defendant Schriro and Defendant Freeland.

**Conclusion**

To the extent Plaintiff's amended complaint re-states his retaliation claim against Defendants Kirkland, Walker, and

-13-

Krumpelman, Plaintiff has adequately stated a claim for relief and these Defendants should be required to answer this claim of the amended complaint.

Plaintiff's amended complaint does not state claims for relief with regard to Count II and Count III.  Plaintiff has failed to amend his complaint to allege facts which cure the deficiencies of his original complaint with regard to stating a cause of action for violation of his Eighth Amendment rights.

**THEREFORE, IT IS RECOMMENDED that** Defendants Kirkland, Walker, and Krumpelman be required to answer Count I of the amended complaint.

**IT IS FURTHER RECOMMENDED that** Count II and Count III of the amended complaint be dismissed and that all named defendants except Defendants Kirkland, Walker, and Krumpelman be dismissed as parties in this matter.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Pursuant to Rule 7.2, Local Rules of Civil

Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 18th day of August, 2008.

_____
Mark E. Aspey
United States Magistrate Judge

-15-