1  **WO**

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9  Aubrey Gayle Padgett,                )   No. CV 08-00617-PHX-MHM (JI)
                                        )
10              Plaintiff,              )
                                        )   **ORDER**
11  vs.                                 )
                                        )
12                                      )
   Arizona   Department   of   Corrections,)
13  Deputy Warden Freeland, Dora Schriro,)
   Sgt.   Walker,   Officer   Kirkland,   Co)
14  Krumpelman,                         )
                                        )
15              Defendants.             )
                                        )
16  _____)

17         On May 27, 2007, Plaintiff filed a *pro se* Amended Civil Rights Complaint pursuant

18  to 42 U.S.C. § 1983.  (Dkt. #6).  The matter was referred to United States Magistrate Judge

19  Mark E. Aspey, who issued a Report and Recommendation recommending that the Court (1)

20  require Defendants Kirkland, Walker, and Krumpelman to answer Count I of the Amended

21  Complaint while dismissing all remaining named Defendants, and (2) dismissing Counts II,

22  and Count III of the Amended Complaint.  (Dkt. #38).  Plaintiff filed written objections to the

23  Report and Recommendation.  (Dkt. #41).

24                    **STANDARD OF REVIEW**

25         The Court reviews the legal analysis in the Report and Recommendation *de novo*

26  and the factual analysis *de novo* for those facts to which objections are filed, and for clear

27  error for those facts to which no objections are filed.  See 28 U.S.C. § 636(b)(1)(C).

28  United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc).

**PROCEDURAL HISTORY**

On March 31, 2008, Plaintiff filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983.  (Dkt. #1).  Plaintiff's Complaint alleged that Defendants violated his constitutional rights while incarcerated by retaliating against him for exercising his rights to grieve the conditions of his confinement (Count I); (2) the bathroom and housing conditions posed a threat to inmate health (Count II); and (3) the dining facilities were unsanitary and posed a threat to inmate health (Count III).  (*Id.*).

On May 9, 2008, the Court dismissed Count II and Count III of Plaintiff's Complaint while also dismissing the Arizona Department of Corrections, Dora Schriro, and Deputy Warden Freeland as Defendants.  The Court held that Plaintiff failed to establish a constitutional violation under the Eighth Amendment and had not adequately stated a claim against Director Schriro or Deputy Warden Freeland.  (Dkt. #4).  In that same opinion, the Court ordered Defendants Walker, Kirkland, and Krumpelman to answer Count I of the Complaint.  (*Id.*).

On May 27, 2008, Plaintiff filed an Amended Complaint.  (Dkt. #6).  Plaintiff's Amended Complaint alleges that Plaintiff was subjected to unconstitutional conditions of confinement and that he was retaliated against and threatened by corrections officers for exercising his rights to grieve the conditions of his confinement.  (*Id.*).  Following the lodging of Plaintiff's Amended Complaint, Defendants filed a Motion for Screening, which was subsequently granted by the Court on August 15, 2008.  (Dkt. #28, 33).  Accordingly, on August 18, 2008, United States Magistrate Judge Mark E. Aspey issued a Report and Recommendation.  (Dkt. # 38).

**DISCUSSION**

Rule 15(a), Federal Rules of Civil Procedure, provides that a plaintiff should be given leave to amend his complaint when justice so requires.  See United States v. Hougham, 364 U.S. 310, 316 (1960); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).  "Thus[,] Rule 15's policy of favoring amendments to pleadings should be

1  applied with extreme liberality.  This policy is applied even more liberally to *pro se*

2  litigants."  Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations and

3  quotations omitted).

4       When screening *pro se* prisoner complaints the Court is obliged to liberally

5  construe the complaint:

6            The handwritten *pro se* document is to be liberally construed . . . . [A] pro se
7            complaint "however inartfully pleaded," must be held to "less stringent
             standards than formal pleadings drafted by lawyers" and can only be
8            dismissed for failure to state a claim if it appears "'beyond doubt that the
9            plaintiff can prove no set of facts in support of his claim which would entitle
             him to relief.'"
10

11  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21

12  (1972)).  Leave to amend a complaint should be granted if it appears at all possible that the

13  plaintiff can correct a defect in the complaint.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th

14  Cir. 2000).

15       However, in exercising its discretion with regard to a motion to amend a complaint

16  filed after a responsive pleading, the Court should consider the prejudice to the opposing party

17  and the futility of allowing the amendment.  See Schlachter-Jones v. General Tel., 936 F.2d

18  435, 443-44 (9th Cir. 1991).  "[T]he policy of allowing the amendments of pleadings must be

19  tempered with considerations of undue delay, bad faith or dilatory motive on the part of the

20  movant, repeated failure to cure deficiencies by amendments previously allowed, undue

21  prejudice to the opposing party by virtue of allowance of the amendment, futility of

22  amendment, etc."  Id., 936 F.2d at 443 (internal quotations omitted).  The Court would

23  eventually have to dismiss a claim added to a complaint if the plaintiff raised a claim that was

24  legally frivolous or malicious, that failed to state a claim upon which relief may be granted,

25  or that sought monetary relief from a defendant who is immune from such relief.  42 U.S.C. §

26  1997(c)(1) (2003 & Supp. 2008).

27

28

## I.   Count I of the Amended Complaint

In Count I of the Amended Complaint, Plaintiff alleges that he was subjected to deliberate indifference when he "attempted to use the formal grievance process against [three] officers."  (Dkt. #6 at 3).  The Magistrate Judge determined that Count I of the Amended Complaint was a reiteration of the retaliation claim in Plaintiff's original Complaint, in which this Court previously determined Defendants would be required to answer.  (Dkt. #38; Dkt. #4).  This Court agrees with the Magistrate Judge.[1]  Accordingly, the Court finds that Plaintiff has adequately stated a claim for relief and Defendants Walker, Kirkland, and Krumpelman should answer Count I of the Amended Complaint.

## II.   Counts II and III of the Amended Complaint

Counts II and III of the Amended Complaint are virtually identical to Counts II and III of Plaintiff's original Complaint, which this Court previously dismissed.  (Dkt. #6, 38).  However, Plaintiff made minor changes in what was likely an effort to cure deficiencies of the claims presented in his original Complaint.  The Court will therefore review Plaintiff's revised counts in turn.

To state a claim of unconstitutional conditions of confinement, a Plaintiff must allege an objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S. 825, 834 (1994); Lopez v. Smith, 203 F.3d 1122, 1133 (9th Cir. 2000); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.

---

[1]This Court further agrees with the Magistrate Judge that to the extent Plaintiff seeks to extend his retaliation claim to a claim that he was denied due process because he was denied his right to access the grievance system, the Court finds there is no basis for such action.  Plaintiff has no right to access of the grievance system, therefore he may not claim he has been denied this right under the Due Process Clause.  Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Furthermore,  Plaintiff's claim is not properly analyzed as a Fourteenth Amendment due process claim because it is an Eighth Amendment claim.  Robinson v. Pickett, 16 Fed. App. 577, 579 (9th Cir. 2001).  Prison inmates are protected from this sort of claim under the Eighth Amendment and gain no greater protection from the Fourteenth Amendment.  Whitley v. Albers, 475 U.S. 312, 327 (1986); Anderson v. County of Kern, 45 F.3d 1310, 1312 & n.1 (9th Cir. 1995).

1994).  That is, a plaintiff must allege facts supporting that he is incarcerated under conditions posing a substantial risk of harm.  Farmer, 511 U.S. 834; Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87 (1978)).

In alleging facts to support that he is confined in conditions posing a substantial risk of harm, a plaintiff must also allege facts to support that a defendant had a "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference to inmate health or safety.  Farmer, 511 U.S. at 837.  A plaintiff must also allege how he was injured by the alleged unconstitutional conditions.  Lewis v. Casey, 518 U.S. 343, 349 (1996); Caswell v. Calderon, 363 F.3d 832, 836 (9th Cir. 2004).

With respect to Count II of the Amended Complaint, Plaintiff attempted to cure the deficiencies of his original Complaint by alleging additional facts to demonstrate a violation of his constitutional rights.  Plaintiff contends that he is forced "to urinate into plastic narrow mouthed bottles" during inmate verification proceedings which often last for more than 30 minutes, during which restroom facilities are closed.  (Dkt. #6).  Plaintiff also contends that communal bathroom facilities are a "bio-hazard" due to inadequate sanitization which leads to the spread of disease, and that inmates live in tents that are deteriorating, not heated, and that do not prevent vermin from entering.  (Id.).  However, Plaintiff states that inmates are provided with restroom sanitation supplies and tears in inmate tents are repaired.  (Id.).  With regards to heating, Plaintiff does not allege that blankets are not distributed in winter and he even notes that space heaters were used in inmate tents.  (Dkt.  #1).

As such, this Court finds Plaintiff fails to allege facts which would establish conditions so unhealthy as to violate his constitutional rights, and Plaintiff has therefore failed to state a claim for relief.  Compare Keenan, 83 F.3d at 1090; Johnson v. Lewis, 217 F.3d 726 (9th Cir.2000) ("routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry").

With respect to Count III of the Amended Complaint, Plaintiff alleged additional facts in order to support his unsanitary dining facility claim.  (Dkt. #6).  Plaintiff contends that his

safety is threatened due to pigeon infestation in the dinning facilities.  Plaintiff alleges that pigeons regularly defecate onto his person, meals, and trays.  (*Id*.).  Plaintiff further alleged that meal trays soiled by pigeons were reused with "fecal matter still present on the tray"after having been through a sanitation process.  (*Id*.).  Plaintiff did not allege that he was unable to wash or that meals contaminated by pigeons could not be replaced, and that any harm could not be cured.  Again, Plaintiff fails to state a claim for relief in Count III of the Amended Complaint because he did not (1) describe facts which satisfy the objectively sufficiently serious risk standard, nor did he allege (2) that he has actually been physically harmed by the presence of pigeons or other conditions of his confinement.  Both are necessary to establish an Eighth Amendment violation.  Farmer, 511 U.S. at 834; Lopez, 203 F.3d at 1133; Lewis, 518 U.S. at 349.  Accordingly, the Court finds that Plaintiff's Amended Complaint does not state claims for relief with regard to Count II and III, since Plaintiff failed to allege facts that cure the problems found in his original Complaint.

Furthermore, Plaintiff has failed to demonstrate the personal responsibility of Defendants Quintaro, Noble, Chamberland, and Mrs. Blakeman for alleged violations of Plaintiff's Eighth and Fourteenth Amendment rights.  Farmer, 511 U.S. at 837.  Nor has Plaintiff alleged sufficient facts that Director Schriro and Warden Freeland knew of and permitted the "continued forms of extreme abuse and premeditated prejudiced neglect." (Dkt. #6 at 4).  To state a claim against a government official in his individual capacity, the civil rights plaintiff must show how the official personally participated in the alleged deprivation of the plaintiff's constitutional rights, acted with deliberate indifference to the plaintiff's constitutional rights, or failed to take action to prevent further misconduct.  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (if the defendant sued in his individual capacity, the plaintiff "must allege facts, not simply conclusions, that show that

an individual was personally involved in the deprivation of his civil rights"). To state a claim against a government official acting in his official capacity, a plaintiff must demonstrate that the constitutional violations were undertaken pursuant to an official government policy or custom. Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004) (citing Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978) (if the defendant is sued in his official capacity, the plaintiff must set fourth facts to support that the defendant either created the harm or acted pursuant to an official policy of custom that caused the plaintiff's constitutional injury). Here, Plaintiff allegations against Schriro and Freeland are based solely on their supervisory positions. Plaintiff fails to set forth facts supporting their personal responsibility or that his constitutional rights were violated pursuant to an official policy, custom, or practice enacted or enforced by Schriro or Freeland. King v. Atiyeh, 814 F.2d at 568; Taylor v. List, 880 F.2d at 1045; Berry, 379 F.3d at 767. As such, this Court determines Plaintiff has failed to state a claim for relief against Defendants Quintaro, Noble, Chamberland, Blakeman, Schriro and Freeland.

   **For the foregoing reasons,**

   **IT IS HEREBY ORDERED** adopting the Magistrate Judge's Report and Recommendation (Dkt. #38) in its entirety as the Order of the Court, and overruling Plaintiff's Objections to the Report and Recommendation (Dkt. #41).

   **IT IS FURTHER ORDERED** Defendants Walker, Kirkland, and Krumpelman be required to answer Count I of the Amended Complaint (Dkt. #6).

   **IT IS FURTHER ORDERED** dismissing Count II and Count III of the Amended Complaint and Ordering that all named Defendants except for Walker, Kirkland, and Krumpelman be dismissed as parties in this matter (Dkt. #6).

   DATED this 24th day of November, 2008.

_____
Mary H. Murgula
United States District Judge