**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| AUBREY GAYLE PADGETT,            )<br>                                  )<br>          Plaintiff,              )<br>                                  )<br>     v.                           )<br>                                  )<br>ARIZONA DEPARTMENT OF             )<br>CORRECTIONS, DEPUTY WARDEN        )<br>FREELAND, DORA SCHRIRO,           )<br>SGT. WALKER, OFFICER KIRKLAND,    )<br>CO KRUMPELMAN,                    )<br>                                  )<br>          Defendants.             )<br>_____ ) | CIV 08-00617 PHX MHM MEA<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE MARY H. MURGUIA:**

This matter is before the Magistrate Judge on referral from the District Judge, and the determination of the Magistrate Judge is dispositive of some of Plaintiff's claims. Accordingly, the following proposed findings of fact, report, and recommendation are made pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. § 636(b)(1)(B) and (C). Before the Court is Plaintiff's motion to amend/correct the complaint, which motion was filed August 27, 2008. See Docket No. 39.

**Background**

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 on March 31, 2008, alleging Defendants were liable to him for violation of his constitutional rights while incarcerated.

Plaintiff's initial complaint sought compensatory and punitive damages and injunctive relief. Plaintiff alleged he was retaliated against and threatened by corrections officers for exercising his right to grieve the conditions of his confinement and for stating he intended to exercise this right (Count I). Plaintiff further alleged that Director Schriro and Warden Freedlund subjected him to unconstitutional conditions of confinement because he had been confined to a "tent" facility where he was subjected to extremes of heat and cold and exposed to vermin (Count II). Plaintiff also alleged the unit's dining facilities were unsanitary and posed a threat to inmate health (Count III).

On May 9, 2008, the Court dismissed Count II and Count III of Plaintiff's original complaint. The Court concluded Plaintiff's allegations regarding the living conditions and eating facilities at the North Unit of the Florence prison did not rise to the level of a constitutional violation, i.e., that the risks posed to his health as described by Plaintiff were not "sufficiently serious" to satisfy the standard for violation of the Eighth Amendment. The Court also concluded Plaintiff had not adequately stated a claim against Director Schriro or Deputy Warden Freedlund for violation of Plaintiff's Eighth Amendment rights.

Accordingly, at that time the Court dismissed the Arizona Department of Corrections, Dora Schriro, and Deputy Warden Freeland as defendants in this matter. The Court ordered that Defendants Walker, Kirkland, and Krumpelman answer the count of the complaint asserting these defendants retaliated

against Plaintiff for asking to file a grievance. Service of the original complaint was returned executed on Defendant Kirkland and on Defendant Krumpelman on or about June 3, 2008. Service was returned unexecuted with regard to Defendant Walker.

Plaintiff filed an amended complaint on May 27, 2008, prior to the date Defendants were served with the original complaint. The amended complaint named Defendants Walker, Kirkland and Krumpelman as defendants, and also named additional defendants. The served Defendants filed a motion asking the Court to screen the amended complaint, which motion was granted. On August 19, 2008, the undersigned filed a Report and Recommendation recommending that Defendants Kirkland, Walker, and Krumpelman be required to answer Count I of the amended complaint, and that the other counts and defendants of the amended complaint be dismissed. See Docket No. 38.

Plaintiff filed the pending motion to amend the complaint on August 27, 2008. See Docket No. 39. Attached to the motion is a "First Amended Complaint with Leave of the Court", although if allowed the pleading would be Plaintiff's second amended complaint. Plaintiff filed a memorandum and affidavits in support of his motion to amend. Defendants filed a response in opposition to the motion to amend. See Docket No. 46. Plaintiff filed a motion for a screening order on September 25, 2008. See Docket No. 49.

On November 26, 2008, the Court adopted the Report and Recommendation with regard to the first amended complaint, filed before Defendants were served, and dismissed Count II and Count III of the amended complaint and all defendants except Defendant

Walker, Defendant Kirkland, and Defendant Krumpelman. See Docket No. 52. Defendants Kirkland and Krumpelman filed an answer to the amended complaint on December 22, 2009. See Docket No. 54. The undersigned issued a scheduling order governing litigation of Count I of the amended complaint. See Docket No. 56. Plaintiff filed a motion to strike the answer to the complaint, which motion was denied on January 21, 2009. See Docket No. 61.

**Analysis**

Plaintiff's first amended complaint was filed as of right because Plaintiff was allowed to amend his complaint once prior to the filing of an answer or other responsive pleading to the original complaint. Plaintiff is not entitled to the current proposed amendment of his complaint as of right.

Rule 15(a), Federal Rules of Civil Procedure, provides that a plaintiff should be given leave to amend his complaint when justice so requires. See, e.g., United States v. Hougham, 364 U.S. 310, 316, 81 S. Ct. 13, 17 (1960); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). However, the policy of allowing the amendments of pleadings must be tempered by the plaintiff's undue delay or bad faith, and any repeated failure to cure deficiencies by previously allowed amendments. Schlachter-Jones v. General Tele., 936 F.2d 435, 443 (9th Cir. 1991) (internal quotations omitted). Leave to amend is also properly denied where amendment would be futile. See, e.g., id.

Plaintiff's proposed amended complaint at Docket No. 39 seeks to add the same Counts II and III as his original complaint and his first amended complaint, filed as of right,

-4-

and to add defendants with regard to these proposed counts. The Court has now adopted the Report and Recommendation denying and dismissing claims in the first amended complaint which were substantially similar to those stated in Count II and Count III of the proposed amended complaint. Plaintiff further seeks to add defendants with regard to Count II and Count III of the proposed amended complaint. The defendants should not be added because the Court determined, in adopting the Report and Recommendation, that no constitutional rights were violated by the alleged facts stated in Count II and Count III of the proposed amended complaint.

**Conclusion**

Plaintiff's proposed amended complaint does not state claims for relief with regard to Count II and Count III, which are substantially similar to the claims previously denied by the Court upon screening of an amended complaint filed as of right.

Accordingly,

**IT IS RECOMMENDED that** Plaintiff's motion at Docket No. 39 for leave to file an amended complaint be **denied.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the

parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 23rd day of January, 2009.

_____
Mark E. Aspey
United States Magistrate Judge